UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE LEE HAMPTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-cv-192-SEP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of Petitioner Jessie Lee Hampton's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, the petition will be dismissed.

### **Background**

Petitioner is currently a federal pretrial detainee who is being held at the Ste. Genevieve Detention Center. He was charged with numerous offenses, including possession of a firearm in furtherance of a drug trafficking crime, resulting in murder. *See U.S. v. Jessie Lee Hampton*, No. 4:16-cr-93-ERW-1 (E.D. Mo. 2016). Petitioner initially pleaded guilty, but on February 26, 2019, his guilty plea was set aside following proceedings pursuant to 28 U.S.C. § 2255. *Hampton v. U.S.,* No. 4:18-cv-763-ERW (E.D. Mo. 2018). In that case, the Honorable E. Richard Webber determined that Petitioner had received ineffective assistance of counsel, inasmuch as his attorney gave him erroneous advice regarding certain consequences of his guilty plea.

On March 6, 2019, Judge Webber held a status conference in Petitioner's criminal case, during which Petitioner and his attorney were present. The criminal case was reopened and referred to the Honorable John M. Bodenhausen, Magistrate Judge, to restart criminal proceedings.

Petitioner was arraigned on March 25, 2019, at which time he entered a plea of not guilty. Trial was set for April 20, 2020, but because of restrictions necessitated by the COVID-19 pandemic, it was continued to be reset. At present, the matter remains pending, and Petitioner remains detained.

## The Petition

In the instant petition, Petitioner challenges his ongoing federal criminal case. He claims he is being subjected to a "sham prosecution/selective enforcement and there's no valid cause of action." Doc. [1] at 2. In support, he claims the government has failed to charge him with an offense against the laws of the United States; the trial court lacks subject matter jurisdiction over him; the statute under which he is charged is invalid; and "[t]here's no valid cause of action." *Id.* at 6-7. He asks this Court to dismiss the indictment and all of the charges against him with prejudice.

## Discussion

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) ("[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *See also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). When habeas claims raised by a federal pretrial detainee would be dispositive of pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court and then raise them on direct appeal if permissible. *Moore v. U.S.*, 875 F. Supp. 620, 624 (D. Neb. 1994).

In the case at bar, Petitioner seeks a writ of habeas corpus that would dispose of his federal

2

criminal case and cause him to be released from pretrial detention.  Petitioner has made no effort to explain why he cannot raise his claims in his ongoing criminal proceedings, nor has he shown that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims.  Therefore, relief under § 2241 is unavailable to Petitioner at this time.  To determine otherwise would interfere with the trial judge's control over Petitioner's case, encourage "judge shopping," and cause needless duplication of judicial resources.  The Court will therefore deny the petition.  The Court will not issue a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Petitioner has also filed a motion titled "Writ of Mandamus."  Doc. [3].  Therein, he states he is "ordering the court to dismiss the indictment and chargs [*sic*]" because Respondent failed to respond to his petition within three days.  *Id.* at 1.  The motion will be denied as moot, inasmuch as Petitioner's § 2241 petition will be dismissed.  It is also meritless, inasmuch as a response to the petition was not required.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FINALLY ORDERED** that Petitioner's motion seeking a writ of mandamus (Doc. [3]) is **DENIED.**

Dated this 8th day of May, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE